UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORVETT VARDIMAN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:17CV2358 RLW |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment against individual Defendant Aaron Booker, Jr. ("Booker"). (ECF No. 15) The record shows that Plaintiffs filed their Complaint in federal court against Defendants United States of America and Booker on September 1, 2017 and that Booker was served on May 3, 2018. (ECF Nos. 1, 12) Booker has not answered or otherwise responded since that time.[1] On August 31, 2018, Plaintiffs filed a Motion for Default Judgment under Rule 74.05 of the Missouri Rules of Civil Procedure and requested a hearing on damages under Mo. Rev. Stat. § 517.131. (ECF No. 15) The Clerk's Entry of Default was entered against Booker on October 3, 2018. (ECF No. 17)

Upon review of the motion and affidavits, the Court will deny Plaintiffs' motion without prejudice. First, this is a federal action and the Federal Rules of Civil Procedure

---

[1] Booker did send a letter to Plaintiffs' counsel denying culpability, which counsel filed with the Court on August 17, 2018. (ECF No. 13-1) In an Order dated August 21, 2018, the Court found that the letter was not a proper responsive pleading and ordered Plaintiffs to file an appropriate motion for default judgment under Fed. R. Civ. P. 55. (ECF No. 14)

on default judgment apply, not Missouri state rules and statutes. *See* Fed. R. Civ. P. 55(b)(2). Here, Plaintiffs erroneously bring their motion under the Missouri Rules of Civil Procedure and Missouri statute. Further, while Plaintiffs have attached affidavits indicating collective damages in the amount of roughly $250,000.00, they have failed to attach a memorandum in support as required by Rule 4.01 of the Local Rules of the United States District Court for the Eastern District of Missouri. *See* E.D. Mo. L.R. 4.01(A) ("Unless otherwise directed by the Court, the moving party shall file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies.").

"It is well established . . . that the entry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." *United States v. $345,510.00 in U.S. Currency,* No. Civ. 01-497(PAMJGL), 2002 WL 22040, at *2 (E.D. Minn. Jan. 2, 2002) (citations omitted). Default judgments are disfavored under the law. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). Further, the entry of a default judgment is committed to the sound discretion of the district court. *Id.* The Court finds that Plaintiffs' motion and affidavits are insufficient to warrant default judgment against Booker. The Court will send a copy of this Memorandum and Order to Defendant Booker and strongly advises him to take seriously the federal cause of action filed against him. In the event Booker chooses to proceed *pro se*, the Court encourages him to consult the United States District Court for the Eastern District of Missouri website at www.moed.uscourts.gov for information pertaining to self-represented litigants and the Court's legal advice clinic.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (ECF No. 15) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to mail a copy of this Memorandum and Order and Plaintiffs' Complaint (ECF No. 1) via regular USPS mail and UPS mail to Defendant Aaron Booker, Jr., at the address at which he was served, 238 Olympia Drive, St. Louis, MO 63135.

Dated this 20th day of August, 2019.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**