## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| NORVETT VARDIMAN, RONNIE GOOCH, ANIA WARNER, MICHAEL HUDSON, DENNIS ROYAL-REED, and CHARLES SINGLETON, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:17-CV-2358 RLW |
| UNITED STATES OF AMERICA, and AARON BOOKER, JR., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND DEFAULT JUDGMENT

This matter is before the Court on Plaintiffs' Motion for Entry of Default Judgment (ECF No. 40).  The record shows that Defendant Aaron Booker, Jr., was served with the summons and Complaint on May 3, 2018.  Defendant Booker has not filed an answer or other responsive pleading.  The Clerk of the Court entered a Clerk's Entry of Default on October 3, 2018.  (ECF No. 17).  Plaintiffs request that the Court enter Default Judgment against Defendant Booker.

## I.      BACKGROUND

On September 1, 2017, Plaintiffs filed a Complaint against the United States and Arron Booker, Jr.  Specifically, the Complaint alleges Defendant Booker, a United States Postal Service ("USPS") worker, caused a vehicle collision on March 29, 2016, while driving a USPS vehicle, injuring the driver, Plaintiff Norvett Vardiman, and her passengers, Plaintiffs Ronnie Gooch, Ania Warner, Michael Hudson, Dennis Royal-Reed, and Charles Singleton.  (Compl. ¶¶ 11-16, ECF No. 1).  Plaintiffs brought claims against the United States pursuant to the Federal Tort Claims Act

("FTCA"), 28 U.S.C. §§ 2671, et seq., and against Booker for negligence in operating his USPS vehicle.

On January 9, 2020, the Court dismissed Plaintiffs' cause of action against the United States for lack of subject matter jurisdiction because it found Defendant Booker was not acting within the scope of his employment at the time of the motor vehicle collision.  (ECF Nos. 32, 33).  On March 30, 2020, Plaintiffs filed the instant Motion for Default Judgment against Booker, asking the Court to enter default judgment against Booker and set the matter for a hearing on damages. (ECF Nos. 40, 41).

On June 15, 2020, the Court entered an Order to Show Cause.  (ECF No. 42).  The Court ordered Defendant Booker to show cause for his failure to answer or otherwise respond to Plaintiffs' Complaint. Id.  Defendant Booker was warned that his failure to comply with the Order may result in default judgment and damages assessed against him.  A Show Cause hearing was set for July 23, 2020, and Defendant Booker was ordered to appear.  Plaintiffs were ordered to serve copies of the June 15, 2020 Order, the Court's Orders of January 9, 2020 dismissing all claims against the United States, and Plaintiffs' Motion for Default Judgment and Memorandum in Support (ECF Nos. 40, 41), which they did.  (ECF No. 43, Ex. 1).  Due to limitations put in place in response to the COVID 19 pandemic, the Court cancelled and reset the Hearing to Show Cause for September 10, 2020, and Defendant Booker was ordered to appear. (ECF No. 44).  Defendant Booker was again warned that his failure to comply with the Order may result in default judgment and damages assessed against him.  Id. Plaintiffs were ordered to effectuate service of the Order on Defendant Booker, which they did.  (ECF No. 45, Ex. 1).

On today's date, the undersigned held a Show Cause hearing, at which time the Court took up Plaintiffs Motion for Default Judgment.  Plaintiffs' counsel attended the hearing and presented

2

argument in favor of the entry of Default Judgment.  Despite given notice, Defendant Booker failed to appear.  Defendant Booker has never made an appearance in this case.

## II.   **LEGAL STANDARD**

Default judgments are not favored in the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary.  See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted).  There is a judicial preference for adjudication on the merits.  Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993).

Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2008); Taylor, 859 F.2d at 1332. Prior to the entry of a discretionary default judgment, this Court should satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. 10 Moore's Federal Practice § 55.31[2].

"A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint."  Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor, 859 F.2d at 1333 n.7). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973).  If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001).

## III.   <u>DISCUSSION</u>

### A.  *Liability*

Taking the factual allegations in the Complaint as true, Plaintiffs have established that Defendant Booker is liable for negligence as a result the motor vehicle collision he caused on March 29, 2016.  The Court finds that the allegations in Plaintiff's Complaint are sufficient to show that Defendant Booker was negligence in the operation of his vehicle which caused injuries to Plaintiffs Norvett Vardiman, Ronnie Gooch, Ania Warner, Michael Hudson, Dennis Royal-Reed, and Charles Singleton.  The Court will enter Default Judgment against Defendant Booker and in favor of Norvett Vardiman (Count IV), Ronnie Gooch (Count VII), Ania Warner (Count XII), Michael Hudson (XVI), Dennis Royal-Reed (Count XX), and Charles Singleton (XXIV).

### B.  *Damages*

In their Complaint, Plaintiffs allege Defendant Booker's negligence directly caused or contributed to several injuries, and they state that they are seeking damages for medical costs incurred, future medical costs, emotion upset, pain and suffering, lost fringe benefits, and loss of enjoyment of life.  In their Motion for Default Judgment, Plaintiffs do not state the amount they are seeking in damages.  Plaintiffs did, however, attach to their Memorandum in Support affidavits from each of the six Plaintiffs.  In each of the affidavits the Plaintiffs list the injuries they sustained as a result of the motor vehicle collision and the amount of medical bills they have incurred.

The Court has reviewed these affidavits and finds they are insufficient to establish damages to a reasonable degree of certainty.  <u>Everyday Learning Corp.</u>, 242 F.3d at 19.  Plaintiffs' claims for negligence are brought pursuant to Missouri state law.  Under Mo. Rev. Stat. § 490.715, a plaintiff seeking special damages for medical expenses "may introduce evidence of the actual cost of the medical care or treatment rendered to a plaintiff or a patient whose care is at issue.  Actual

4

cost of the medical care or treatment shall be reasonable, necessary, and a proximate result of the negligence or fault of any party." Mo. Rev. Stat. § 490.715.  Actual cost of medical care or treatment is define as "a sum of money not to exceed the dollar amounts paid by or on behalf of a plaintiff or a patient whose care is at issue plus any remaining dollar amount necessary to satisfy the financial obligation for medical care or treatment by a health care provider after adjustment for any contractual discounts, price reduction, or write-off by any person or entity."  Id.  In their affidavits, Plaintiff attest to the amount of medical bills they have incurred, not the amount that was paid.  Furthermore, as stated above, in the Complaint there are allegations of damages for future medical costs, emotion upset, pain and suffering, lost fringe benefits, and loss of enjoyment of life.  Plaintiffs have provided no evidence whatsoever as to these categories of damages.

Based on the record before it, the Court is unable to make a finding as to damages in this case.  The Court will, therefore, enter default judgement as to liability and set this matter for a hearing on damages.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (ECF No. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment be entered in favor of Plaintiff Norvett Vardiman and against Defendant Aaron Booker, Jr., as to Count IV of the Complaint (Negligence).

**IT IS FURTHER ORDERED** that judgment be entered in favor of Plaintiff Ronnie Gooch and against Defendant Aaron Booker, Jr., as to Count VIII of the Complaint (Negligence).

**IT IS FURTHER ORDERED** that judgment be entered in favor of Plaintiff Ania Warner and against Defendant Aaron Booker, Jr., as to Count XII of the Complaint (Negligence).

**IT IS FURTHER ORDERED** that judgment be entered in favor of Plaintiff Michael Hudson and against Defendant Aaron Booker, Jr., as to Count XVI of the Complaint (Negligence).

**IT IS FURTHER ORDERED** that judgment be entered in favor of Plaintiff Dennis Royal-Reed and against Defendant Aaron Booker, Jr., as to Count XX of the Complaint (Negligence).

**IT IS FURTHER ORDERED** that judgment be entered in favor of Plaintiff Charles Singleton and against Defendant Aaron Booker, Jr., as to Count XXIV of the Complaint (Negligence).

**IT IS FURTHER ORDERED** that a Hearing on Damages shall be held on **October 13, 2020, at 11:00 a.m.** in Courtroom 10 South.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a memorandum in support of their damages, together with exhibits in support thereof, on or before **September 28, 2020.**

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to mail a copy of this Memorandum and Default Judgment to Defendant Aaron Booker, Jr., to the address at which he was served, 238 Olympia Drive, St. Louis, MO, 63135.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 10th day of September, 2020.

6